**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Salvador VELASQUEZ, Defendant–Appellant.**

No. 88–2846
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 15, 1989.

Russell M. Aboud, El Paso, Tex., for defendant-appellant.

Frances H. Stacy, Paula C. Offenhauser, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Salvador Velasquez was apprehended with 5,700 pounds—almost three tons—of marijuana in the back of his truck. Velasquez eventually pled guilty to conspiring to possess with intent to distribute a quantity in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On appeal, Velasquez challenges only his sentence. He contends that the district judge should have made a downward departure from the guidelines on the basis of the plea bargain agreed to by Velasquez. Velasquez also contends he was entitled to a reduction in his offense level because he was a minor participant in his crime. Finding no error in the sentence imposed, we affirm.

I

Velasquez maintains that he was an ignorant courier or "mule" who was recruited into a drug transaction through a chance meeting at a truck stop. According to Velasquez, a man at the truck stop happened to have the three tons of marijuana on hand, and offered Velasquez a quick $10,000 to carry the dope to El Paso. At the time, Velasquez was driving a truck which he owned. Velasquez agreed to make the haul. Velasquez insists, however, that he at all times thought his truck

contained only 1,000 pounds, rather than 5,700 pounds, of marijuana.

Velasquez pled guilty to conspiring to possess more than 1,000 kilograms of marijuana with the intent to distribute it. As part of the plea agreement, the government agreed to recommend that Velasquez be sentenced within the guideline range applicable to Criminal History Category I and Offense Level 26: between 63 and 78 months. The district judge found that an offense level of 30 was appropriate, and sentenced Velasquez to 120 months, near the top of the resulting guideline range.

## II

■ Although the district court, when it accepted Velasquez's guilty plea, repeatedly informed the defendant that the court was free to reject the sentence recommended by the plea agreement, Velasquez now claims on appeal that the plea agreement should have formed the basis for a downward departure by the district judge. We will uphold a district court's refusal to depart from the guidelines unless the refusal was in violation of law. *United States v. Buenrostro*, 868 F.2d 135, 139 (5th Cir.1989).

In this case, the only law to which Velasquez directs us is Fed.R.Crim.P. 11(e)(1). This rule itself makes clear, however, that the government's recommendation is not binding upon the court. The court more than once told Velasquez as much. Velasquez has identified no violation of law, and we have found none. We therefore affirm the district court's refusal to depart from the guidelines.

## III

■ Velasquez contends that he was not given adequate opportunity to raise objections to the presentence report during the trial court's sentencing proceedings. Velasquez made no such procedural objection to the sentencing hearing at the time of the hearing. He was represented at the hearing by two lawyers. At one point, the district judge asked the first of these lawyers, Mr. Aboud, whether he had anything more to say. Mr. Aboud asked only that the recommended sentencing cap be honored. The district judge then permitted Mr. Perez to make further arguments on behalf of Velasquez. There is no indication that the court cut off either attorney's argument. Neither attorney ever suggested that they had additional points which the court should hear. Any procedural objections to the sentencing hearing are therefore deemed waived by the lack of a timely objection.

## IV

Velasquez contends that he was entitled as a matter of law to a four-point reduction in his offense level because he was a minimal participant in his crime. *See* Guideline 3B1.2(b).

We have held that minimal participant status is a factual determination, and enjoys the protection of the 'clearly erroneous' standard. That factual determination turns upon culpability. Culpability is a determination requiring sensitivity to a variety of factors. It is possible for a defendant to be a courier without being either a minimal or a minor participant in a drug crime. *United States v. Buenrostro*, 868 F.2d at 138, 139.

■ We find it surprising that someone caught with almost three tons of marijuana in his own truck would even try to argue that he was a minimal participant in his crime. Nevertheless, we note that the district court's findings of fact foreclose the possibility that Velasquez was a minimal participant. The district judge repeatedly commented upon the gravity of Velasquez's involvement in the marijuana operation. The judge found that although this was the first crime of which Velasquez had been convicted, Velasquez had "exploded on the scene in a big way." The judge disbelieved Velasquez's account of his role as an ignorant courier, terming the story "difficult nonsense" and "ridiculous." There is support for these findings in the record, and we therefore affirm the district court's determination that Velasquez was not a minimal participant in the crime.

## V

Velasquez also challenges the constitutionality of the sentencing guidelines. His argument is foreclosed by the Supreme Court's recent decision in *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

The judgment of the district court is, in all respects,

AFFIRMED.