917 F.2d 564
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd STEPHENS, Defendant-Appellant.
 No. 89-2400.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant Todd Stephens has appealed from the sentence imposed by the United States District Court for the Eastern District of Michigan following his conviction pursuant to a guilty plea for damaging a vehicle by means of explosives (aiding and abetting) in violation of 18 U.S.C. Secs. 2 & 844(i) and for conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) & 846.
 
 
 2
 The appellant was indicted for the above two crimes on January 27, 1989. He was released on a $75,000/10 percent bond after a detention hearing. He failed to appear for trial and the district court issued a bench warrant for his arrest. The appellant was apprehended in Canada and was returned to the United States.
 
 
 3
 The crimes were committed prior to November 1, 1987 and sentencing was subject to pre-guidelines law. Sentencing Reform Act of 1984, Pub.L. 98-473, tit. II, Secs. 235(a)(1)(B)(ii), 98 Stat. 2031 (as amended). The appellant entered into a Rule 11 plea agreement in which he acknowledged that he was subject to a maximum of 10 years imprisonment for the first count and 20 years for the second count and that the court could impose the sentences to be served consecutively. The government agreed not to seek an indictment for the appellant's failure to appear for trial.
 
 
 4
 On August 31, 1989, the appellant entered a guilty plea to both crimes with which he was charged. At the plea hearing, the appellant admitted to both crimes, but alleged that his motivation in bombing the truck was to prevent a potential murder.
 
 
 5
 The court sentenced the appellant to 7 1/2 years imprisonment, assessed $50, and ordered restitution of $2,500 for damages to the truck. The court then imposed 7 1/2 years imprisonment for conspiracy to distribute cocaine to be served consecutively to the sentence for the first count, and assessed another $50. The appellant filed a timely appeal.
 
 
 6
 A non-guidelines sentence is unreviewable if the sentence is within statutory limits unless there was
 
 
 7
 (1) reliance upon erroneous or improper factors or information in sentencing so as to amount to a gross abuse of discretion; [or] (2) failure to evaluate the sentencing information submitted, or total failure to exercise discretion.
 
 
 8
 United States v. Barbara, 683 F.2d 164, 166 (6th Cir.1982). See also United States v. Johnson, 831 F.2d 124, 129 (6th Cir.1987).
 
 
 9
 The appellant argues that there were factual issues in dispute, which the court did not resolve before imposing his sentence. The record of the sentencing hearing belies this argument. He alleges at this appellate review for the first time that the court did not specifically resolve the degree to which the appellant exercised a leadership role in the drug conspiracy. At the sentencing hearing, the appellant's attorney stated that all issues other than those discussed below had been resolved with the probation department and there were no other objections to the report. The only two issues which remained in controversy before the trial court at the sentencing hearing were whether the appellant's explanation for the bomb was credible and whether the appellant had cooperated with the government. Both issues were resolved by the court in favor of the appellant.
 
 
 10
 The appellant also charged that the court may have unduly relied upon the appellant's failure to appear at trial when he fled to Canada. The sentencing agreement in the instant case, however, did not preclude the consideration of his flight. The government agreed only not to seek an indictment. The circumstances of his flight were included in the presentence report and the appellant had not objected to the inclusion of the information. Failure to object to the presentence report waives any future objections. United States v. Velasquez, 868 F.2d 714, 715 (5th Cir.1989).
 
 
 11
 For the above stated reasons, this court finds no error in the sentence imposed by the district court. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation