935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward E. MELVILLE, Defendant-Appellant.
 No. 90-6384.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1991.
 
 Before MERRITT, Chief Circuit Judge, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Edward E. Melville, who pled guilty to one count of unlawful use of an unauthorized access device (credit card fraud) in violation of 18 U.S.C. Sec. 1029(a)(2), appeals from the district court's October 5, 1990 order requiring him to pay $18,353.63 in restitution to the Diners Club as part of his sentence. For the reasons stated below, we affirm.
 
 I.
 
 2
 On August 22, 1989, defendant submitted a fraudulent application for a credit card to the Diners Club. Defendant used the card from November 20, 1989 through January 17, 1990 to make purchases totaling $18,353.63. Defendant then attempted to pay the balance owed on the Diners club card with counterfeit cashier's checks.
 
 
 3
 Defendant was charged with fraudulently using an unauthorized access devise in violation of 18 U.S.C. Sec. 1029(a)(2) on August 13, 1990. Defendant pled guilty on that same day. As part of a plea agreement reached between the parties, defendant was not charged on a related incident in which he fraudulently obtained an American Express card and charged approximately $3,000 in purchases.
 
 
 4
 On September 4, 1990, the United States Probation Office issued a presentence report. Defendant objected to that report on the grounds that the inclusion of the $3,000 in fraudulent American Express charges in computing his offense level, the resulting four offense level increase in his sentence, and in calculating the amount of restitution defendant might owe; and the determination that the offense involved more than "minimum planning," resulting in a two offense level increase in his sentence. The district court ruled that the $3,000 in American Express charges should be considered as "relevant conduct" under U.S.S.G. Sec. 1B1.3(a)(1) and that defendant's offenses involved more than minimum planning under U.S.S.G. 2F1.1. Thus, defendant's sentence included a four month prison term, three years of supervised release, and restitution in the amount of $18,353.63 to be paid by defendant to the Diner's Club in three annual installments commencing one year after his release from prison. The restitution order did not include the $3,000 fraudulently charged on defendant's American Express account.
 
 II.
 
 5
 Defendant argues that the district court abused its discretion in requiring him to pay full restitution under 18 U.S.C. Sec. 3663 to the Diner's Club in the amount of $18,353.63. Initially, we must consider whether the objection is reviewable even though defendant failed to object before the district court. Normally, this court will not consider arguments raised for the first time on appeal. See generally United States v. Lane, 909 F.2d 895, 900 (6th Cir.1990), cert. denied, 111 S.Ct. 977 (1991); United States v. Causey, 834 F.2d 1277, 1283 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988). An exception is made, however, "if a party has no opportunity to object to a ruling or order" prior to or after disposition of the case. Fed.R.Crim.P. 51. See also United States v. Jones, 899 F.2d 1097, 1102 (11th Cir.), cert. denied, 111 S.Ct. 275 (1990) (failure to object to a sentence imposed by the court results in a waiver only when such opportunity to object exists).
 
 
 6
 We do not find that the Rule 51 exception applicable to this case. First, the restitution computation in section E of the presentence report should have put defendant on notice that the court would be considering full restitution and failed to object to this aspect of the presentence report. See United States v. Velasquez, 868 F.2d 714, 715 (5th Cir.1989) (failure to object to the presentence report waives any further objection). Second, a review of the record makes clear that at the sentencing hearing and subsequent to informing the parties as to the amount of restitution which he intended to order defendant to pay, the district judge asked the parties to raise legal objections and no one did so. Further, after the court made its restitution order, defendant's counsel asked for and received a clarification of that order; but made no objection concerning the terms of restitution ordered by the court. Finally, both defendant and his attorney represented to the court defendant's willingness to pay restitution to the Diner's Club as part of his sentence, and cannot now be allowed to challenge the amount of restitution ordered for the first time on appeal. United States v. Paden, 908 F.2d 1229, 1237 (5th Cir.1990), cert. denied, 111 S.Ct. 710 (1991).
 
 
 7
 Even if defendant had not waived his objection to the restitution order, we find no basis for reversal. Defendant's argument that the district judge failed to consider his ability to pay restitution is not supported by the record. Much of the sentencing hearing conducted in this case was directed towards defendant's current financial situation, his future employment prospects, and defendant's responsibilities to his wife and children. Further, the court had possession of, and referred to, the presentence report which contained extensive financial and background information concerning defendant. Thus, it is clear that the court satisfied its duty under 18 U.S.C. Sec. 3664(a).
 
 
 8
 Defendant's argument that the district judge failed to state "on the record" that he was, in fact, "considering defendant's financial situation" is likewise without merit. There is no requirement under section 3664 requiring the district judge to make findings regarding defendant's ability to pay on the record. United States v. Frost, 914 F.2d 756, 774 (6th Cir.1990).
 
 
 9
 Finally, the court's decision to order "full" restitution was not in error. In order to pay the $18,353.63 in restitution in three installments to the Diner's Club as ordered by the court, defendant must find a job paying him a net annual income of approximately $6,117.88. Given defendant's testimony that his own job prospects were good and that he would not have any problem finding a job in the range of four to five dollars an hour, the district court did not abuse its discretion in ordering full restitution to Diner's Club. See Frost, 914 F.2d at 774 (restitution order will not be set aside absent "abuse of discretion").
 
 
 10
 Thus, for all the foregoing reasons, the district court's order of restitution is AFFIRMED.