961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bruce A. ARNOLD, Defendant-Appellant.
 No. 91-6176.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, JR. and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Bruce A. Arnold, appeals the sentence imposed under the sentencing guidelines following his conditional guilty plea to mail fraud and bank fraud. Arnold also claims that he received ineffective assistance of counsel in the proceedings below. For the reasons that follow, we affirm.
 
 
 2
 * Arnold was hired by the Breckenridge County, Kentucky School System in 1970 and was employed as a teacher at all times relevant to this case. In 1986, Arnold was elected treasurer of the Breckenridge Teacher's Credit Union ("BTCU"). His duties were to conduct all financial transactions, including deposits and withdrawals, payments on loans, and collecting insurance proceeds. Arnold conducted all BTCU business from his home and received $50 per month as compensation for his efforts. The CUNA Mutual Insurance Society ("CMIS") insured each BTCU member's account and provided a death benefit of up to $2000 for savings accounts and $2500 for member loans.
 
 
 3
 The facts underlying the mail fraud count are as follows. On August 16, 1989, CMIS received an insurance claim on behalf of the beneficiary of Tony Ray Wardrip, a deceased BTCU member. Arnold had fraudulently filed this claim, alleging that Wardrip, at the time of his death, had a loan account in excess of $2500 and a savings account in excess of $2000. Based upon these representations, CMIS mailed a check on August 1, 1989, for $2000 to BTCU. A second check was mailed by CMIS to BTCU on September 26, 1989 for $2,523.01 ($2500 for the maximum loan coverage plus $23.01 interest). Both checks were received by Arnold, who then placed the funds into his personal account.
 
 
 4
 When confronted by federal law enforcement agents, Arnold admitted having diverted the proceeds into his personal account, but alleged that he had paid the beneficiary the full amount in cash, thereby enabling her to avoid income taxes. When agents contacted the beneficiary, she claimed she had not received the proceeds, in cash or in any other form, from Arnold.
 
 
 5
 At about the same time that federal agents learned of Arnold's fraudulent insurance claims, Arnold admitted having submitted a fraudulent BTCU loan application for $4000 in the name of Jane Newland. Without Newland's knowledge or consent, Arnold forged Newland's signature on the application and then approved it. Arnold also superimposed BTCU Credit Committee members' signatures on the application to indicate that the committee had approved the loan. The Newland loan formed the basis of the bank-fraud charge.
 
 
 6
 On May 23, 1991, a federal grand jury issued a two-count indictment against Arnold, charging him, in count one, with mail fraud in violation of 18 U.S.C.A. § 1341 (West Supp.1991) and, in count two, with bank fraud in violation of 18 U.S.C.A. § 1344 (West Supp.1991). On July 18, 1991, Arnold pleaded guilty to both counts pursuant to a plea agreement with the United States.
 
 
 7
 Prior to sentencing, the probation office filed a presentence report awarding Arnold an offense level of ten, computed under the United States Sentencing Commission, Guidelines Manual (Nov.1990) as follows:
 
 
 8
 (1) a base offense level of six for fraud pursuant to U.S.S.G. § 2F1.1(a);
 
 
 9
 (2) a two-level increase pursuant to section 2F1.1(b)(1)(C) because the amount of loss to victims exceeded $5000;
 
 
 10
 (3) a two-level increase pursuant to section 2F1.1(b)(2)(A) because the crimes involved more than minimal planning;
 
 
 11
 (4) a two-level increase pursuant to section 3B1.3 for abuse of a position of trust; and
 
 
 12
 (5) a two-level decrease pursuant to section 3E1.1 for acceptance of responsibility.
 
 
 13
 Neither Arnold nor the United States filed objections to the presentence report.
 
 
 14
 At a sentencing hearing held on September 23, 1991, the district court adopted the findings and recommendation of the presentence report and sentenced Arnold to three months of imprisonment followed by a two-year term of supervised release. Arnold then filed this timely appeal.
 
 II
 
 15
 Arnold raises two general issues in the present appeal. First, Arnold claims that the district court erred in calculating his sentencing range under the sentencing guidelines, which calculation accorded with the recommendation of the presentence report. Second, Arnold contends that he received ineffective assistance of counsel in the proceedings below and points to his attorney's failure to object to the sentencing range recommended by the presentence report. Arnold concedes that he did not raise either of these objections below.
 
 
 16
 As a general rule, appellate courts will not consider issues raised for the first time on appeal. Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-44 (6th Cir.1991); cf. United States v. Clutter, 914 F.2d 775, 779-80 (6th Cir.1990) (holding that criminal defendant's failure to object to magistrate's recommendation waives review of issue on appeal), cert. denied, 111 S.Ct. 1413 (1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981) (holding that failure to object to magistrate's report waives right to appeal from district court's entry of judgment in accordance with the report). This rule has been extended to challenges to a defendant's presentence report raised for the first time on appeal. See, e.g., United States v. Nagi, 947 F.2d 211, 212-13 (6th Cir.1991), petition for cert. filed, --- U.S.L.W. ---- (U.S. Mar. 9, 1992) (No. 91-7545); United States v. Hamblin, 911 F.2d 551, 553 & n. 1 (11th Cir.1990), cert. denied, 111 S.Ct. 2241 (1991); United States v. Velasquez, 868 F.2d 714, 715 (5th Cir.1989) (holding that defendant's claim that he was not given adequate opportunity to challenge presentence report was waived because defendant's counsel made no procedural objections at the sentencing hearing). This court has recognized an exception to this rule where the proper resolution of the issue is beyond any doubt or where injustice might otherwise result. Taft Broadcasting, 929 F.2d at 244. However, "[t]he fact that the issue newly raised on appeal requires or necessitates a determination of facts is generally deemed good reason to refuse consideration of the issue for the first time in the appellate court." Id.
 
 
 17
 Similarly, this court will normally not review an ineffective-assistance-of-counsel claim raised for the first time on appeal. See United States v. Gonzales, 929 F.2d 213, 215 (6th Cir.1991) (listing cases that have refused to consider claims for ineffective assistance of counsel raised for first time on appeal). This rule is grounded in the recognition that, where the defendant fails to object in the district court, the record of the proceedings below will normally be insufficient to support the defendant's claim. Id. But see United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam) (holding that court may consider ineffectiveness claim raised for first time on appeal where record is adequate to assess merits of the claim). We note, however, that this court's refusal to consider the claim on direct appeal is without prejudice to the defendant's right to pursue the claim in a proper post-conviction proceeding under 28 U.S.C. § 2255 (1988). United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982).
 
 
 18
 Upon review, we believe that the considerations underlying the refusal to hear issues raised for the first time on appeal militate against our addressing the merits of Arnold's claims in the present appeal. To the extent that Arnold's claims of error challenge the factual basis underlying his sentence, Arnold's failure to object before the district court has left the record on appeal devoid of any indication that his sentence was based on erroneous factual findings. The record is similarly lacking in support for Arnold's claim of ineffective assistance of counsel. Whether his counsel's failure to object to the presentence report was inexcusable and prejudicial, or instead based upon tactical or other reasons, is a question that the record in its current posture does not answer.
 
 
 19
 Our refusal to consider the merits of either of Arnold's claims on the ground that they were not raised below might seem unduly harsh, particularly given that his ineffective-assistance-of-counsel claim is predicated precisely on the fact that his counsel below failed to object to the factual findings and recommendations of the presentence report. These rules, however, are not jurisdictional, and we reiterate that this court is always free to address the merits of a defendant's claims where it is convinced that it can assess the claims adequately, as for instance, where it is beyond dispute from the record that the defendant received ineffective assistance of counsel, or where the court clearly erred in passing sentence on the defendant.
 
 
 20
 This, however, is not such a case. Thus, rather than passing upon the merits of Arnold's claims, thereby possibly prejudicing Arnold's subsequent effort to obtain relief on a more complete, and perhaps more favorable record, we believe that the interests of justice are best served by our refusing to address the merits of Arnold's claims and permitting him to raise both claims in a subsequent, collateral proceeding.
 
 III
 
 21
 Accordingly, we AFFIRM the sentence imposed by the district court without prejudice to Arnold's right to challenge his sentence and the quality of his counsel in a collateral proceeding.