USCA1 Opinion

 

 July 7, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____ No. 91-1794 UNITED STATES OF AMERICA, Appellee, v. GARY BARROWS, Defendant, Appellant. ___________ ERRATA SHEET The opinion of this Court issued on June 24, 1993, is amended as follows: On cover sheet "United Staates Attorney" should read "United _______________________ ______ States Attorney". _______________ July 1, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____ No. 91-1794 UNITED STATES OF AMERICA, Appellee, v. GARY BARROWS, Defendant, Appellant. ___________ ERRATA SHEET The opinion of this Court issued on June 24, 1993, is amended as follows: On cover sheet under list of counsel "Assistant United States Attornery Thomas C. Frangillo" should be corrected to read "Assistant United States Attorney Fongillo." June 25, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____ No. 91-1794 UNITED STATES OF AMERICA, Appellee, v. GARY BARROWS, Defendant, Appellant. ___________ ERRATA SHEET The opinion of this Court issued on June 24, 1993, is amended as follows: On page 2, line 11: replace "taking" with "taken" UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 91-1794 UNITED STATES, Appellee, v. GARY BARROWS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Gregory Burr Macaulay, by appointment of the Court, for ________________________ appellant. Thomas C. Frangillo, Assistant United States Attorney, with whom ___________________ A. John Pappalardo, United States Attorney, was on brief for appellee. _ _______________ ____________________ June 24, 1993 ___________________ Per Curiam. Gary Barrows appeals his conviction and ___________ sentence for being a felon in possession of a firearm. 18 U.S.C. 922(g)(1). Barrows was charged in this case following the discovery of a .22 caliber revolver in a vehicle occupied by Barrows and three others during a routine traffic stop by two Boston police officers. At the time of the stop, Barrows was seated on the back seat of the car. After approaching the vehicle, Officer Matthews saw Barrows remove the gun from his waist, toss it onto the floorboard, and kick it underneath the car's front seat. All four occupants of the car were arrested and taken to the police station for booking. At the police station, Barrows told the two officers that his companions were not responsible for the gun and Barrows admitted that it belonged to him. As Barrows had four prior felony convictions, he was charged with being a felon in possession of a firearm. Barrows was convicted following a jury trial that included the testimony of the two police officers. Thereafter, Barrows was sentenced under the Armed Career Criminal Act, 18 U.S.C. 924(e), to a mandatory minimum fifteen-year term of imprisonment, and to three years of supervised release. In this appeal, Barrows first contends that Officer Matthews' observation of Barrows' possession of the revolver is not independent evidence corroborating his subsequent -2- -2- admissions to ownership, and that without this testimony the evidence was insufficient to convict. Under Opper v. Smith, _____ _____ 348 U.S. 84 (1954), an extrajudicial admission must be corroborated by independent evidence in order to support a conviction. Barrows maintains that the testimony concerning his physical possession of the gun does not qualify as "independent" evidence because it came from the same source-- broadly construed by Barrows as encompassing all law enforcement officials--that testified to his post-arrest statements. The requirement of independence refers to the evidence, ________ not to the source of the evidence. Opper, 348 U.S. at 93. _____ Testimony that is otherwise admissible or corroborative "does not suddenly become less admissible or corroborative or itself in need of corroboration simply because the eyewitness also heard the defendant confess." United States v. ____ ______________ O'Connell, 703 F.2d 645, 648 (1st Cir. 1983) (emphasis in _________ original). Since the government in this case did not rely solely on Barrows' admissions but instead introduced other evidence of Barrows' possession of the gun, his argument based on Opper must fail. _____ Barrows next contends that the record does not establish that he knowingly and intelligently waived his right to testify at his trial. We disagree. The record reveals that the district court, upon being informed that Barrows wished -3- -3- to testify against the advice of counsel, fully advised Barrows regarding his right to testify in his defense. The district judge informed Barrows that his prior convictions would be brought out if Barrows testified, but that "Mr. Howard [Barrows' lawyer] can't tell you what to do. It's going to have to be your own decision." Pertinently, the district court also told Barrows that if he had any questions he could raise them with the court, and that unless the court heard otherwise it would assume that whatever decision was made was Barrows' own choice. No more elaborate procedure than this was required. Neither Barrows nor his trial counsel informed the court after this discussion that Barrows still wished to testify. Barrows did not take the stand. Given this record, we must conclude, as did the district court, that Barrows knowingly and intelligently waived his right to testify in his behalf. Finally, Barrows requests a remand for re-sentencing, claiming that he did not have a sufficient opportunity to review his presentence report. Under Fed. R. Crim. P. 32(c)(3)(A), a criminal defendant must be provided with a copy of the presentence report at least ten days in advance of sentencing unless the defendant waives the minimum ten-day ______ period. At the outset of the sentencing hearing, Barrows' lawyer informed the district court that he had neglected to furnish his client with a copy of the presentence report -4- -4- which was timely sent to Barrows' counsel. The lawyer did state, however, that he had reviewed the report with Barrows on previous occasions. The district court then recessed in order to allow Barrows to read the report. When the hearing re-convened, Barrows' lawyer informed the court that he had reviewed the report with Barrows "page by page." Neither Barrows nor his counsel indicated that they needed additional time to go over the report. In our view, the failure to invoke Rule 32(c)(3)(A) or request a continuance effectively waives the claim, absent a miscarriage of justice. Here there is no indication of any prejudice since Barrows does not claim that his sentence-- determined solely on the basis of his prior convictions--was wrongly computed. See United States v. Wright, 873 F.2d ___ _____________ ______ 437, 445 (1st Cir. 1989) (late disclosure of addendum to presentence report was harmless error). Absent an arguable error in the sentence, a remand for re-sentencing would be pointless even if the claim had not been waived. Affirmed. ________ -5- -5-