46 F.3d 1132
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew FIELDS, III, Defendant-Appellant.
 No. 93-6371.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1995.
 
 Before: GUY and BATCHELDER, Circuit Judges; and McCALLA, District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendant Andrew Fields, III, appeals his conviction from the United States District Court for the Western District of Kentucky on October 6, 1993, for carjacking in violation of 18 U.S.C. Sec. 2119 and for using a firearm in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 2
 On appeal, the defendant asserts three assignments of error by the district court: (1) that his sentencing under both the carjacking and firearm statutes punishes him twice for the same conduct and violates the Fifth Amendment's prohibition on double jeopardy; (2) that the district court improperly accepted the presentencing report; and (3) that the court misapplied the sentencing guidelines to the facts of his case. For the following reasons, we affirm.
 
 I.
 
 3
 On January 21, 1993, the defendant and two other men were in search of drugs and planned to rob a woman they believed to be the girlfriend of a known drug dealer. Mistaking Stacy Smith for the woman they thought to be the drug dealer's girlfriend, the defendant forced Smith at gun point into her automobile. After demanding drugs from Smith and learning he had mistaken her for the wrong person, the defendant beat her and eventually threw her from the car while it was moving. Smith later identified the defendant, who was then indicted along with the two other men on charges of carjacking and violating the firearms statute.
 
 
 4
 The defendant subsequently entered into a plea agreement with the United States in which he agreed to plead guilty to both counts of the indictment. In return, the United States agreed to recommend a sentence at the lowest end of the guidelines range and to recommend a three-level reduction for acceptance of responsibility. The parties also agreed that the robbery guideline, which has a base offense level of twenty, should apply for sentencing purposes.
 
 
 5
 On August 17, 1993, the probation officer prepared the presentence investigation report that contained a total offense level computation of thirty-three for the carjacking charge.[2] The court also determined the defendant to be in Criminal History Category IV.[3]
 
 
 6
 The defendant filed formal objections to the report on September 15, 1993. The probation officer responded to and rejected all of defendant's formal objections in his addendum to the report, which was dated October 4, 1993.
 
 
 7
 On October 6, 1993, the court asked defendant's counsel if he had reviewed the report, to which he responded, "We have reviewed the presentence report and for what it contains as an argument for the government we have no objection."
 
 
 8
 Defendant then contended that the court should not enhance his carjacking sentence based on his using a firearm during the offense because it is an element of the carjacking offense. The court rejected this argument, accepted the presentencing report in its entirety, and sentenced appellant to 128 months for the carjacking offense and 60 consecutive months for violation of the firearms statute.
 
 II.
 
 9
 In this case, the defendant asks us to determine whether his dual punishments for carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c)(1), and for committing the underlying crime of "carjacking" under 18 U.S.C. Sec. 2119, violate the Fifth Amendment's prohibition on double jeopardy.
 
 
 10
 In United States v. Johnson, 22 F.3d 106, 108 (6th Cir.1994), this Court considered the same argument the defendant raises here. In Johnson, we found that Congress clearly intended to impose multiple punishments for the same conduct under the carjacking statute, 18 U.S.C. Sec. 2119, and the firearms statute, 18 U.S.C. S 924(c)(1). Id. at 108 (citing Albernaz v. United States, 450 U.S. 333, 344 (1981)). Since Johnson is controlling in the present case, we must reject the defendant's first claim of error.
 
 III.
 
 11
 The defendant's second assignment of error is that the district court failed to make factual findings about disputed points in the presentence report. We also find that this claim is without merit. Rule 32 of the Federal Rules of Criminal Procedure provides that if a defendant alleges that there are factual inaccuracies in the presentence report the district court is required to make specific findings on the disputed issues. Fed.R.Crim.P. 32(c)(3)(D).
 
 
 12
 At the sentencing hearing, after the defendant filed his formal objections to the presentence report and received the probation officer's comments in the report's addendum, the court specifically asked whether the parties had reviewed the report. The defendant's counsel replied, "We have reviewed the presentence report and for what it contains as an argument for the government we have no objection."[4] The court replied: "Thank you. The [c]ourt then will accept the factual statements contained in the presentence report as well as the application of the facts in the report to the Federal Sentencing Guidelines."
 
 
 13
 Because the defendant did not allege that there were factual inaccuracies in the report, when presented with the opportunity to do so by the district court, we find that the district court properly accepted the presentence report in accordance with Rule 32. Moreover, this Court normally will not consider arguments raised for the first time on appeal. See generally, United States v. Lane, 909 F.2d 895, 900 (6th Cir.1990), cert. denied, 111 S.Ct. 977 (1991).[5] See also United States v. Velasquez, 868 F.2d 714, 715 (5th Cir.1989) (failure to object to the presentence report waives any further objection).
 
 IV.
 
 14
 The defendant's third claim of error is that the district court misapplied the sentencing guidelines to the facts of his case. While we review a district court's factual findings that underlie the application of a guideline provision for clear error, United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991), whether those facts as determined by the district court warrant the application of a particular guideline provision is purely a legal question that we review de novo. Id. Pursuant to this standard, we also find that this claim is without merit.
 
 
 15
 The defendant first claims that the district court incorrectly enhanced his sentence based on his possession of a firearm. Since possession of a firearm is an element of the carjacking offense, the defendant argues that his sentence should not be enhanced because an element of the offense was present.
 
 
 16
 In this case, the district court enhanced the defendant's sentence seven points for discharging a firearm not for possessing a firearm. USSG Sec. 2B3.1(b)(2)(A). The discharge of a firearm is not an element of the carjacking offense, and the district court appropriately applied the guidelines in calculating the defendant's offense level.[6]
 
 
 17
 Second, the defendant claims that the district court miscalculated his criminal history in the presentence report and misapplied the sentencing guidelines to the facts of his case. However, the defendant did not make these arguments at sentencing, and a failure to raise an issue at the district court results in a waiver of that issue on appeal. United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Because the defendant failed at the district court to raise his claims that the court miscalculated his criminal history and misapplied the guidelines in his case, he has waived any such claims and may not raise them on appeal.
 
 
 18
 For the reasons stated, we affirm the defendant's conviction for carjacking, under 18 U.S.C. Sec. 2119, and for using a firearm in violation of 18 U.S.C. Sec. 934(c)(1), and the sentence imposed by the district court.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 The Honorable Jon P. McCalla, United States District Court for the Western District of Tennessee, sitting by designation
 
 
 [2]
 The district court calculated the defendant's offense level as follows: base offense level 20, + firearm discharge 7, + bodily injury to victim 2, + abduction of victim 4, + obtaining drugs as object of offense 1, + organizer, leader, or manager 2 = total adjusted offense level, 36 - acceptance of responsibility, 3 = total offense level 33
 
 
 [3]
 The district court based this finding on the defendant's prior convictions for possessing marijuana, resisting arrest, and leaving the scene of a hit and run accident. Also increasing appellant's criminal history level were the facts that he committed the instant offenses while serving several conditionally discharged sentences and committed the offenses within two years following release from a previously imposed sentence
 
 
 [4]
 The probation officer filed an addendum to the presentence report on October 4, 1993, two days before the sentencing hearing. The defendant argues that two days was insufficient to review the addendum. However, the defendant never raised this claim at sentencing. Absent a miscarriage of justice, failure to invoke Rule 32(c)(3)(a) or request a continuance effectively waives this claim. United States v. Barrows, 996 F.2d 12, 14 (1st Cir.1993). Furthermore, it does not appear that the defendant was prejudiced by his inability to respond to the addendum because he acknowledged in his brief that the addendum was essentially a restatement of the original report
 
 
 [5]
 An exception to this general rule is made, however, "if a party has no opportunity to object to a ruling or order" prior to or after disposition of the case. Fed.R.Crim.P. 51. In this case, the district court gave the defendant the opportunity to object to the presentence report, and this exception clearly does not apply
 
 
 [6]
 The defendant also claims that the district court erred when it applied the robbery guideline in USSG Sec. 2B3.1 as the base offense level for carjacking. This argument is without merit because the 1993 sentencing guidelines explicitly provide that Sec. 2B3.1 is the appropriate guideline for carjacking offenses