[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 96-1996

 UNITED STATES,

 Appellee,

 v.

 DANIEL J. ORTIZ-MEDINA, a/k/a FLATTOP,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Daniel R. Domnguez, U.S. District Judge]

 Before

 Selya, Boudin and Lynch,
 Circuit Judges.

 Marlene Aponte Cabrera on brief for appellant.
 Guillermo Gil, United States Attorney, Jose A. Quiles-
Espinosa, Senior Litigation Counsel, Camille Velez-Rive, Assistant
United States Attorney, and Nelson Perez-Sosa, Assistant United
States Attorney, on brief for appellee.

July 16, 1999

 Per Curiam. Defendant-appellant Daniel Ortiz-Medina
appeals from his conviction and sentence on several grounds. 
Based upon a thorough review of the record and the briefs, we
conclude for the following reasons that "no substantial
question is presented" by this appeal. See Loc. R. 27.1.
 I. Ineffective Assistance of Counsel
 "The rule in this circuit is that a fact-specific
claim of ineffective assistance cannot be raised initially on
direct review of a criminal conviction but must originally be
presented to the district court." United States v. Hunnewell,
891 F.2d 955, 956 (1st Cir. 1989). Although Ortiz presented his
ineffective assistance of counsel claims in his motion for new
trial under Fed.R.Crim.P. 33, the district court properly
construed the claims as appropriately brought pursuant to 28
U.S.C 2255. See United States v. Lema, 909 F.2d 561, 566 (1st
Cir. 1990)(holding that a claim of ineffective assistance of
counsel is not newly discovered for the purposes of Rule 33
when based on facts known to the defendant at the time of
trial). The district court also properly dismissed the claims
(without prejudice), because this appeal was pending at the
time and Ortiz failed to make a showing of extraordinary
circumstances. See United States v. Buckley, 847 F.2d 991, 993
n.1 (1st Cir. 1988). Ortiz' ineffective assistance of counsel
claims are denied without prejudice to his presenting them to
the district court in a 2255 motion. 
 II. Rule 33 Motion
 "The district court's denial of the motion for a new
trial is reviewable only for a manifest abuse of discretion."
United States v. Montilla-Rivera, 115 F.3d 1060, 1064 (1st Cir.
1997). "A motion for new trial based on newly discovered
evidence will not be allowed unless the movant establishes that
the evidence was: i) unknown or unavailable at the time of
trial, (ii) despite due diligence, (iii) material, and (iv)
likely to result in an acquittal upon retrial." United States
v. Tibolt, 72 F.3d 965, 971 (1st Cir. 1995). Under the fourth
requirement, "the evidence must create an actual probability
that an acquittal would have resulted if the evidence had been
available." United States v. Sepulveda, 15 F.3d 1216, 1220 (1st
Cir. 1993).
 Ortiz' motion was based upon "new evidence of
untruthfulness" on the part of one of the government witnesses. 
"Neither our decisions nor those of other circuits have been
sympathetic to new trial claims based solely on the discovery
of additional information useful for impeaching a government
witness." Sepulveda, 15 F.3d at 1220, n.5; see also United
States v. Formanczyk, 949 F.2d 526, 531 (1st Cir. 1991). As the
district court emphasized, the argument for granting a new
trial on the basis of such evidence is particularly weak here
because the witness in question admitted at Ortiz' trial to
having lied to federal authorities. Ortiz has failed to show
that the denial of the Rule 33 motion amounted to a "manifest
abuse of discretion."
 III. Federal Rule of Evidence 404(b)
 Because Ortiz failed to object at trial to the
evidence that he now argues was evidence of "other crimes,
wrongs or acts," this court reviews the admission of the
evidence for plain error only. See United States v. Carrillo-
Figueroa, 34 F.3d 33, 40 (1st Cir. 1994). "Under the plain
error standard of review, 'appellant bears the burden of
persuasion to establish that there was an error, that the error
was clear or obvious, and that the error affected substantial
rights.'" United States v. Cruz, 156 F.3d 22, 30 (1st Cir. 1998)
(citation omitted), cert. denied, U.S. , 119 S.Ct. 1781
(1999).
 Ortiz specifically objects to questioning of the
government witnesses from which, Ortiz argues, the jury could
have inferred that Ortiz participated in murders. The
transcript of the trial, however, reveals that the government
and the court successfully kept the witnesses from referring to
the murders in their testimony. There is no suggestion from the
transcripts of an "error so obvious that it could rise to the
level of substantial and fundamental prejudice required by
plain error review." United States v. Graham, 146 F.3d 6, 11
(1st Cir. 1998).
 IV. Sentencing
 Ortiz argues that Fed.R.Crim.P. 32 was violated in
his case because the district court failed to 1) provide
defendant with a copy of the PSR until the day of sentencing,
and 2) verify that defendant and defendant's counsel had read 
and discussed the PSR. Ortiz also contends that the probation
officer abandoned her neutrality in the positions she took in
his PSR, in violation of Rule 32. 
 The transcript of the sentencing hearing reveals that
neither Ortiz nor his attorney indicated to the court that more
time was needed to review the PSR. "[T]he failure to invoke
[the section of Rule 32 setting forth the time frame within
which the defendant must be provided with a copy of the PSR] or
request a continuance effectively waives the claim, absent a
miscarriage of justice." United States v. Barrows, 996 F.2d 12,
14 (1st Cir. 1993). Ortiz has failed to make a showing that a
miscarriage of justice resulted from his receipt of the PSR on
the day of sentencing.
 Ortiz argues that the court's failure to inquire at
sentencing whether he had read the report and discussed it with
his attorney "is itself sufficient to have the case remanded
for resentencing." Appellant's Brief, p. 20. "However,
binding precedent in this circuit has directed that if it is
abundantly clear from the sentencing hearing that both
defendant and his counsel are familiar with the report, a new
sentencing hearing will not be mandated, even if the court
failed to directly inquire whether defendant had an opportunity
to review the report." United States v. Manrique, 959 F.2d
1155, 1157 (1st Cir. 1992). 
 The sentencing transcript demonstrates that Ortiz and
his attorney were familiar with the PSR. Defense counsel
objected to several aspects of the PSR which were discussed in
detail. The transcript includes references by defense counsel
to discussion of aspects of the PSR with Ortiz. On this
record, it appears that the standard of demonstrated
familiarity with the PSR was met. See Manrique, supra, p. 1158
(noting that counsel's specific reference to the PSR "clearly
indicat[ed] that he read the report"). Moreover, Ortiz does
not allege on appeal that he did not receive a copy of the PSR,
instead objecting to the district court's failure to verify the
receipt. Under like circumstances, this court has found that
the requirements of Rule 32(c)(3)(A) were met. See United
States v. Cruz, 981 F.2d 613, 620 (1st Cir. 1992).
 Finally, Ortiz argues that the probation officer who
prepared the PSR violated Rule 32 by engaging in advocacy and
abandoning her proscribed role as a neutral arm of the court. 
This court has interpreted the role of the probation officer
under the guidelines to include the "exercise [of] his
independent judgment as to the application of the guidelines.
. . . Anything less would be a dereliction of duty." United
States v. Fraza, 106 F.3d 1050, 1056 (1st Cir. 1997). None of
the aspects of the PSR which Ortiz relies upon as
demonstrations of the probation officer's "advocacy" evince
more than "exercise [of the probation officer's] independent
judgment as to the application of the guidelines." Id.
 Ortiz' conviction and sentence are affirmed. See Loc.
R. 27.1. This affirmance is without prejudice to Ortiz' right
to present his claim of ineffective assistance of counsel
pursuant to 28 U.S.C. 2255.