<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

      [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
                United States Court of Appeals
                    For the First Circuit

No. 96-1996

                         UNITED STATES,

                           Appellee,

                               v.

             DANIEL J. ORTIZ-MEDINA, a/k/a FLATTOP,

                     Defendant, Appellant.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

        [Hon. Daniel R. Domnguez, U.S. District Judge]

                             Before

                   Selya, Boudin and Lynch,
                       Circuit Judges.
                                
                                
                                
                                
    Marlene Aponte Cabrera on brief for appellant.
    Guillermo Gil, United States Attorney, Jose A. Quiles-
Espinosa, Senior Litigation Counsel, Camille Velez-Rive, Assistant
United States Attorney, and Nelson Perez-Sosa, Assistant United
States Attorney, on brief for appellee.

July 16, 1999

  
  
           Per Curiam. Defendant-appellant Daniel Ortiz-Medina
 appeals from his conviction and sentence on several grounds.  
 Based upon a thorough  review of the record and the briefs, we
 conclude for the following reasons that "no substantial
 question is presented" by this appeal. See Loc. R. 27.1.
           I. Ineffective Assistance of Counsel
           "The rule in this circuit is that a fact-specific
 claim of ineffective assistance cannot be raised initially on
 direct review of a criminal conviction but must originally be
 presented to the district court." United States v. Hunnewell,
 891 F.2d 955, 956 (1st Cir. 1989).  Although Ortiz presented his
 ineffective assistance of counsel claims in his motion for new
 trial under Fed.R.Crim.P. 33, the district court properly
 construed the claims as appropriately brought pursuant to 28
 U.S.C  2255. See United States v. Lema, 909 F.2d 561, 566 (1st
 Cir. 1990)(holding that a claim of ineffective assistance of
 counsel is not newly discovered for the purposes of Rule 33
 when based on facts known to the defendant at the time of
 trial).  The district court also properly dismissed the claims
 (without prejudice), because this appeal was pending at the
 time and Ortiz failed to make a showing of extraordinary
 circumstances.  See United States v. Buckley, 847 F.2d 991, 993
 n.1 (1st Cir. 1988).  Ortiz' ineffective assistance of counsel
 claims are denied without prejudice to his presenting them to
 the district court in a  2255 motion.    
           II. Rule 33 Motion
           "The district court's denial of the motion for a new
 trial is reviewable only for a manifest abuse of discretion."
 United States v. Montilla-Rivera, 115 F.3d 1060, 1064 (1st Cir.
 1997).  "A motion for new trial based on newly discovered
 evidence will not be allowed unless the movant establishes that
 the evidence was: i) unknown or unavailable at the time of
 trial, (ii) despite due diligence, (iii) material, and (iv)
 likely to result in an acquittal upon retrial." United States
 v. Tibolt, 72 F.3d 965, 971 (1st Cir. 1995).  Under the fourth
 requirement, "the evidence must create an actual probability
 that an acquittal would have resulted if the evidence had been
 available." United States v. Sepulveda, 15 F.3d 1216, 1220 (1st
 Cir. 1993).
           Ortiz' motion was based upon "new evidence of
 untruthfulness" on the part of one of the government witnesses.  
 "Neither our decisions nor those of other circuits have been
 sympathetic to new trial claims based solely on the discovery
 of additional information useful for impeaching a government
 witness." Sepulveda, 15 F.3d at 1220, n.5; see also United
 States v. Formanczyk, 949 F.2d 526, 531 (1st Cir. 1991).  As the
 district court emphasized, the argument for granting a new
 trial on the basis of such evidence is particularly weak here
 because the witness in question admitted at Ortiz' trial to
 having lied to federal authorities.  Ortiz has failed to show
 that the denial of the Rule 33 motion amounted to a "manifest
 abuse of discretion."
           III. Federal Rule of Evidence 404(b)
           Because Ortiz failed to object at trial to the
 evidence that he now argues was evidence of "other crimes,
 wrongs or acts," this court reviews the admission of the
 evidence for plain error only. See United States v. Carrillo-
 Figueroa, 34 F.3d 33, 40 (1st Cir. 1994).  "Under the plain
 error standard of review, 'appellant bears the burden of
 persuasion to establish that there was an error, that the error
 was clear or obvious, and that the error affected substantial
 rights.'" United States v. Cruz, 156 F.3d 22, 30 (1st Cir. 1998)
 (citation omitted), cert. denied, __ U.S. __, 119 S.Ct. 1781
 (1999).
           Ortiz specifically objects to questioning of the
 government witnesses from which, Ortiz argues, the jury could
 have inferred that Ortiz participated in murders.  The
 transcript of the trial, however, reveals that the government
 and the court successfully kept the witnesses from referring to
 the murders in their testimony. There is no suggestion from the
 transcripts of an "error so obvious that it could rise to the
 level of substantial and fundamental prejudice required by
 plain error review." United States v. Graham, 146 F.3d 6, 11
 (1st Cir. 1998).
           IV. Sentencing
           Ortiz argues that Fed.R.Crim.P. 32 was violated in
 his case because the district court failed to 1) provide
 defendant with a copy of the PSR until the day of sentencing,
 and 2) verify that defendant and defendant's counsel had read  
 and discussed the PSR. Ortiz also contends that the probation
 officer abandoned her neutrality in the positions she took in
 his PSR, in violation of Rule 32.  
           The transcript of the sentencing hearing reveals that
 neither Ortiz nor his attorney indicated to the court that more
 time was needed to review the PSR.  "[T]he failure to invoke
 [the section of Rule 32 setting forth the time frame within
 which the defendant must be provided with a copy of the PSR] or
 request a continuance effectively waives the claim, absent a
 miscarriage of justice." United States v. Barrows, 996 F.2d 12,
 14 (1st Cir. 1993).  Ortiz has failed to make a showing that a
 miscarriage of justice resulted from his receipt of the PSR on
 the day of sentencing.
           Ortiz argues that the court's failure to inquire at
 sentencing whether he had read the report and discussed it with
 his attorney "is itself sufficient to have the case remanded
 for resentencing."  Appellant's Brief, p. 20.  "However,
 binding precedent in this circuit has directed that if it is
 abundantly clear from the sentencing hearing that both
 defendant and his counsel are familiar with the report, a new
 sentencing hearing will not be mandated, even if the court
 failed to directly inquire whether defendant had an opportunity
 to review the report." United States v. Manrique, 959 F.2d
 1155, 1157 (1st Cir. 1992).   
           The sentencing transcript demonstrates that Ortiz and
 his attorney were familiar with the PSR.  Defense counsel
 objected to several aspects of the PSR which were discussed in
 detail.  The transcript includes references by defense counsel
 to discussion of aspects of the PSR with Ortiz.  On this
 record, it appears that the standard of demonstrated
 familiarity with the PSR was met. See Manrique, supra, p. 1158
 (noting that counsel's specific reference to the PSR "clearly
 indicat[ed] that he read the report").  Moreover, Ortiz does
 not allege on appeal that he did not receive a copy of the PSR,
 instead objecting to the district court's failure to verify the
 receipt.  Under like circumstances, this court has found that
 the requirements of Rule 32(c)(3)(A) were met. See United
 States v. Cruz, 981 F.2d 613, 620 (1st Cir. 1992).
           Finally, Ortiz argues that the probation officer who
 prepared the PSR violated Rule 32 by engaging in advocacy and
 abandoning her proscribed role as a neutral arm of the court.  
 This court has interpreted the role of the probation officer
 under the guidelines to include the "exercise [of] his
 independent judgment as to the application of the guidelines.
 . . . Anything less would be a dereliction of duty." United
 States v. Fraza, 106 F.3d 1050, 1056 (1st Cir. 1997).  None of
 the aspects of the PSR which Ortiz relies upon as
 demonstrations of the probation officer's "advocacy" evince
 more than "exercise [of the probation officer's] independent
 judgment as to the application of the guidelines." Id.
           Ortiz' conviction and sentence are affirmed. See Loc.
 R. 27.1.  This affirmance is without prejudice to Ortiz' right
 to present his claim of ineffective assistance of counsel
 pursuant to 28 U.S.C.  2255.   
            
            

</body>

</html>