**UNITED STATES of America, Appellee,**

v.

**James Edward OSMENT, Appellant.**

**No. 93–1854.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1993.

Decided Jan. 12, 1994.

D.P. Marshall, Jr., Jonesboro, AR, argued, for appellant.

Jana K.B. Christian, Little Rock, AR, argued, for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Defendant, James Edward Osment, appeals following the district court's judgment of conviction pursuant to Osment's conditional guilty plea to one count of knowingly possessing document-making implements with the intent to produce false identification documents, in violation of 18 U.S.C. § 1028(a)(5). Osment contends that his constitutional right to self-representation was improperly denied, and that the district court rendered his guilty plea involuntary upon failing to advise defendant of the mandatory

supervised release term to which he was subject. We reverse, vacate and remand so that Osment may plead anew.[1]

## I. BACKGROUND

On September 27, 1992, an Arkansas state trooper stopped defendant's car for a traffic violation. A vehicle search ensued based on an initial seizure of contraband. The trooper discovered the following items: a Polaroid land camera, lamination jackets, copies of the reverse side of driver's licenses, a Smith–Corona typewriter, blank front sides of driver's licenses, three rulers, a red back-drop cloth, a false Montana identification using the name of "Daniel G. Walker," lamination with the signature of the name "John Ashcraft," and a pair of scissors.

The trooper arrested defendant and transported him to the Lonoke County, Arkansas jail. Special Agent Brian Marr of the United States Secret Service responded the following day to interview Osment. During the interrogation defendant admitted to having purchased the items that were seized during the vehicle search. According to Agent Marr, Osment stated

> that he farms out the basic production method to different individuals so that no one individual knows exactly what is being produced. Once Osment has obtained the various parts needed to produce false identification documents, he would then put together the items to produce the final document.

(Marr Aff., R. at 2.)

A federal grand jury returned a true bill against Osment on October 21, 1992, indicting him on one count of knowing possession of document-making implements with the intent to produce false identification documents, in violation of 18 U.S.C. § 1028(a)(5).

The district court ordered that pretrial matters be referred to a magistrate judge. On January 1, 1993, Osment filed a motion requesting to represent himself. The magistrate judge denied defendant's motion in an order dated February 4, 1993.

Osment changed his plea on February 26, 1993. At the plea colloquy, the district court advised defendant that he faced a maximum prison term of five years and/or a fine of not more than $250,000.00. In addition, the district court told Osment that a $50.00 special assessment would be required upon acceptance of his guilty plea. The district court neglected to inform Osment that he also could be subject to a term of supervised release, which would be mandatory if the prison sentence exceeded one year. Osment was sentenced to fifteen months imprisonment, to be followed by a three-year term of supervised release.

## II. DISCUSSION

The Government concedes that the district court's failure to advise defendant of the term of supervised release renders the plea colloquy defective, yet argues that the error is harmless under Fed.R.Crim.P. 11(h). According to the Government, because Osment's sentence fell within the maximum term of imprisonment authorized by § 1028(a)(5), that is, five years, the mere possibility of revocation of the supervised release resulting in an additional period of incarceration cannot sustain defendant's burden of demonstrating an effect on substantial rights. Osment argues that the prescribed consequences in the event of revocation of a supervised release term should be treated as part of the "maximum possible penalty" as construed under Rule 11(c)(1).

Violation of 18 U.S.C. § 1028(a)(5) constitutes a Class D felony, see 18 U.S.C. § 3559(a)(4), and does not itself require supervised release. However, 18 U.S.C. § 3583(b)(2) authorizes a term of supervised release, of not more than three years in Osment's case. Under § 3583, imposing supervised release remains discretionary with the district court.

The Sentencing Guidelines alter the sentence structure. Pursuant to U.S.S.G.

---

1. Based upon our resolution of the alleged Fed. R.Crim.P. 11 violation, that Osment did not enter his guilty plea knowingly and voluntarily due to the district court's failure to advise him of the supervised release term and the effect thereof, we need not address Osment's self-representation claim.

§ 5D1.1(a), a mandatory term of supervised release is required if the prison sentence exceeds one year, as it does here. Thus because Osment received a fifteen-month prison sentence, he is subject to a mandatory two- to three-year term of supervised release. *See* U.S.S.G. § 5D1.2(b)(2). Furthermore, violation of that supervised release term resulting in revocation requires defendant to serve in prison all or part of the term of supervised release (but not more than two years) without credit for the time served post-release. § 3583(e)(3). The district court failed to advise Osment of this possible effect.

■ This Circuit has not squarely addressed whether a court advising a defendant of the "maximum possible penalty," prior to acceptance of a plea of guilty pursuant to Rule 11(c)(1), must inform the defendant of the *possible effect* of a term of supervised release *upon revocation.*

Rule 11(c) provides in pertinent part:

Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) ... the maximum possible penalty provided by law, including the *effect of any ... supervised release term....*

(emphasis added).

The plain language of the rule indicates that in advising a defendant of the maximum penalty to which he or she is subject, the district court must tell the defendant not only of the applicability of a term of supervised release, but of that term's effect. We adhere to that interpretation.

Our prior decisions applying Rule 11(c)(1) as it relates to a special parole term support this view. For example, in *Richardson v. United States,* 577 F.2d 447 (8th Cir.1978), *cert. denied,* 442 U.S. 910, 99 S.Ct. 2824, 61

L.Ed.2d 276 (1979), this court, responding on appeal to Richardson's post-conviction motion, recognized that it is the imposition of the special parole term relative to the advice provided, that determines whether failure to fully apprise a defendant of the full potential effect of a special parole term constitutes harmless error or not. In *Richardson,* the district court advised the defendant that the maximum penalty that could be imposed was imprisonment for up to fifteen years or a fine of not more than $25,000, or both, followed by a minimum special parole term of three years. Defendant actually was subject to a possible lifetime special parole term. The sentence imposed included twelve years imprisonment and a special parole term of eight years (twenty years overall). This court ordered that defendant's guilty plea be vacated if the district court did not limit the special parole term to five years, so that the maximum sentence and parole would fall within the eighteen years he had been advised. *Id.* 577 F.2d at 451–52.[2]

The legal analysis employed by *United States v. McGeehan,* 824 F.2d 677 (8th Cir. 1987), *cert. denied,* 484 U.S. 1061, 108 S.Ct. 1017, 98 L.Ed.2d 982 (1988), is consistent with *Richardson.* In *McGeehan,* the district court advised defendant Jovanovic that he was subject to a maximum penalty of fifty-five years imprisonment for his guilty pleas to two counts of distributing LSD and one count of conspiracy to distribute LSD. The court also informed Jovanovic that he was subject to a minimum special parole term of three years. *Id.* at 679. However, pursuant to 21 U.S.C. § 841(b)(1)(B) (Supp. III 1982), the maximum special parole term could be a life term ("Any sentence imposing a term of imprisonment under this paragraph shall ... impose a special parole term *of at least* 3 years...." (emphasis added)). Jovanovic received a sentence of two concurrent nine-year terms of imprisonment, a three-year

---

**2.** Because Richardson's claim related to post-conviction relief, the measure of relief accorded to him on appeal was limited to his actual prejudice. Richardson at his guilty plea had been advised of the maximum imprisonment of fifteen years plus a minimum parole term of three years (18 years in all), but not of the possible lifetime special parole term. Thus, the limitation of a special parole term of five years on the twelve-year sentence would avoid any actual prejudice requiring vacation of the sentence. Moreover, it does not appear that appellant raised any contention concerning a possible extension of the sentence in the event of a future violation of the parole term.

special parole term, a five-year probation term, and a ten-year suspended sentence of imprisonment. Notwithstanding the lack of complete advice, Jovanovic's actual sentence rendered the error harmless. *McGeehan,* 824 F.2d at 680.

The advice of the maximum fifty-five year sentence makes irrelevant and harmless error the failure to advise of the maximum life special parole term. Any violation of the limited special parole term of three years plus suspended and parole terms (fifteen years) added to his nine-year sentence could in no way approach fifty-five years.

*Holloway v. United States,* 960 F.2d 1348 (8th Cir.1992), need not give us pause. In *Holloway,* the district court informed defendant that he could be sentenced to fifteen years in prison on each of the four counts to which he pled guilty, for a total of sixty years. The court failed to advise defendant that he could also be sentenced to two consecutive ten-year terms of special parole, for a total of twenty years. Defendant received a prison term of twenty-five years and a special parole term of twenty years. Holloway thereafter sought relief pursuant to 28 U.S.C. § 2255, arguing that had he known of the special parole term, he would not have pled guilty. While recognizing that the district court committed error in failing to inform Holloway of the special parole term, this court rejected defendant's claim, holding the error harmless. *Id.* at 1354. The court reasoned that, because Holloway had been advised that he faced a sixty-year sentence, and that even with inclusion of the special parole term, his total sentence came to 45 years. *Id.* *Holloway* does not address the effect of revocation of a special parole term. *Cf. United States v. Rodrigue,* 545 F.2d 75, 76 (8th Cir.1976) (pursuant to former Rule 11(c)(1) (which did not include "effect of" language), advice as to special parole term required only disclosing possibility of special parole term).

Support for our interpretation of Rule 11(c)(1) also may be found in decisions by our sister circuits. *See, e.g., Rodriguera v. United States,* 954 F.2d 1465, 1468–69 (9th Cir. 1992); *United States v. Garcia–Garcia,* 939 F.2d 230, 232–33 (5th Cir.1991); *Moore v.*

*United States,* 592 F.2d 753, 755 (4th Cir. 1979).

■ Having determined that "effect of any supervised release term" under Rule 11(c)(1) includes the consequences upon revocation of that release term, the district court's failure to so advise Osment of the consequences mandated by § 3583(e)(3) constitutes error. We now turn to Rule 11(h), to determine whether the error affects defendant's substantial rights, or may be deemed harmless.

■ The district court advised Osment that he faced a maximum prison sentence of five years. Thus on its face, Osment's sentence of fifteen months imprisonment and a three-year supervised release term, for a total of four years and three months or fifty-one months, does not exceed the statutory penalty of which Osment was advised. The effect of the supervised release term has not, however, been considered.

Revocation of the supervised release term, pursuant to § 3583(e)(3), would require that Osment serve no more than two additional years in prison, without credit for time served post-release. Thus the maximum possible penalty, i.e., the worst case scenario, including the effect of the supervised release term, would be as follows: fifteen months imprisonment, two years and 364 days supervised release, and two years imprisonment, for a total of seventy-five months less one day. This total exceeds the five-year or sixty-month term of imprisonment the district court advised Osment. Accordingly, we cannot deem the error harmless on this direct appeal.

Based on the foregoing, we reverse, vacate and remand to the district court so that Osment may plead anew. With this resolution of the appeal, we deem it unnecessary to discuss Osment's claim that he had been denied the right to represent himself in some of the proceedings in the trial court.