_____

Nos. 95-2506/2876
_____

United States of America,           *
                                    *
         Appellee,                  *
                                    *   Appeals from the United States
    v.                              *   District Court for the
                                    *   Western District of Arkansas.
Chad Allen Beers,                   *
                                    *          [PUBLISHED]
         Appellant.                 *


_____

Submitted:  February 2, 1996

Filed:  February 7, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


      This is a consolidated direct criminal appeal and appeal from
the district court's[1] order partially granting Chad Allen Beers's
28 U.S.C. § 2255 motion to vacate his sentence.  We affirm in both
cases.


      A jury found Beers guilty of kidnapping and interstate
transportation of a stolen vehicle, and not guilty of using a
firearm during a crime of violence.  The district court's judgment
of conviction and sentence was entered on August 30.  On that day,
while in custody waiting to be transported to federal prison, Beers
escaped; he was arrested eight days later in Nebraska and was
confined in a county jail there.

_____

      [1]The Honorable Jimm Larry Hendren, United States District
Judge for the Western District of Arkansas.

After his arrest, Beers filed a section 2255 motion claiming, inter alia, ineffective assistance as a result of his attorney's failure to file a notice of appeal despite Beers's having requested him to do so. After a hearing, at which Beers's counsel admitted Beers had made the request and he had failed to file the notice of appeal, the magistrate judge[2] concluded Beers was denied the right to appeal. The magistrate judge recommended vacating the prior judgment of conviction and sentence and entering a new judgment, thereby enabling Beers to appeal within ten days of the entry of the new judgment. The magistrate judge also recommended a stay of any other ineffective-assistance claims brought in the section 2255 motion, pending the outcome of the direct appeal. The district court vacated only the sentence, concluding that there was no reason to disturb the conviction. The court then reimposed the same sentence and advised Beers he had ten days to appeal. The district court also stayed Beers's other claims of ineffective assistance, administratively terminating them pending resolution of a direct appeal.

Beers appealed both the judgment of conviction and sentence (No. 95-2506), and the ruling on the section 2255 motion which vacated only the sentence (No. 95-2876). He argues the district court should have vacated the judgment of conviction as well as the sentence, because the failure to vacate his conviction will prejudice his ability to get federal-sentence credit for time served in the county jail in Nebraska. Beers also argues he received ineffective assistance of trial counsel when counsel failed to object to the prosecution's inflammatory closing argument.

We conclude that, in vacating only the sentence, the district court complied with the procedures we have prescribed when a

---

[2]The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas.

defendant has been unconstitutionally deprived of appellate review because of ineffective assistance of counsel. <u>See</u> <u>Hollis v. United States</u>, 687 F.2d 257, 259 (8th Cir. 1982) (procedure is to vacate sentence; time for appeal then commences to run from date of resentencing), <u>cert. denied</u>, 459 U.S. 1221 (1993); <u>Williams v. United States</u>, 402 F.2d 548, 552 (8th Cir. 1968). Moreover, by escaping, Beers removed himself from official detention. <u>See</u> <u>Moreland v. United States</u>, 968 F.2d 655, 657 n.6 (8th Cir.) (en banc), <u>cert. denied</u>, 113 S. Ct. 675 (1992). He would not be entitled to federal-sentence credit for any time he may have spent in state custody on state charges. <u>See</u> 18 U.S.C. § 3585(b).

As to the claim based on counsel's failure to object, ineffective-assistance claims are generally not properly presented for the first time on direct appeal. <u>United States v. Logan</u>, 49 F.3d 352, 361 (8th Cir. 1995). Because the district court stayed consideration of Beers's other ineffective-assistance claims pending resolution of his direct appeal, and because we wish to prevent piecemeal litigation, we decline to consider this claim at this time. Under the district court's order, Beers has thirty days after any affirmance of his conviction and sentence to reassert his ineffective-assistance claims in the district court. At that time, Beers should seek to assert this claim as well.

Accordingly, we affirm the judgment of conviction and sentence, and affirm the district court's order partially granting Beer's section 2255 motion and staying his ineffective-assistance claims.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-