# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-1403

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Bobbie Lee Lawson, | * | |
| | * | UNPUBLISHED |
| Defendant-Appellant. | * | |

_____

Submitted: November 19, 1996

Filed: June 20, 1997

_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

_____

PER CURIAM.


Pursuant to a written plea agreement, Bobbie Lee Lawson pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 180 months (15 years) of imprisonment and three years of supervised release. This appeal followed, in which Lawson argues the district court committed reversible error under Federal Rule of Criminal Procedure 11 during the taking of his guilty plea. We agree and therefore vacate Lawson's conviction and sentence.

Before accepting a guilty plea, a district court must advise the defendant of "the mandatory minimum penalty provided by law, if any, <u>and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term.</u>" Fed. R. Crim. P. 11(c)(1) (emphasis added). In the instant case, because of his prior convictions, Lawson was subject to a maximum term of life imprisonment under 18 U.S.C. § 924(e). Lawson's offense under 18 U.S.C. § 922(g) consequently became a Class A felony for which he could receive up to five years of supervised release. <u>See</u> 18 U.S.C. § 3559(a)(1) (unless otherwise provided, offense is Class A felony if maximum term of imprisonment is life imprisonment); 18 U.S.C. § 3583(b)(1) (authorizing not more than 5 years of supervised release for Class A felony); <u>United States v. Carey</u>, 898 F.2d 642, 646 (8th Cir. 1990) (noting § 924(e) authorizes maximum of life imprisonment). Upon any violation of his supervised release, Lawson could be required to serve up to five additional years of imprisonment. <u>See</u> 18 U.S.C. § 3583(e)(3) (authorizing the court to revoke supervised release and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release," which for a Class A felony is five years, "without credit for time previously served on postrelease supervision.").

Lawson points to several alleged Rule 11 errors by the district court at the plea hearing. Although the court correctly advised Lawson that the minimum penalty for his offense was not less than 15 years of imprisonment, the court did not advise him of the maximum penalty of life imprisonment. In addition, the district court advised Lawson he was subject to "supervised release of not less than three years," while at the same time neglecting to inform him that he was subject to a maximum supervised release of five years. Finally, the court told Lawson that he could receive "additional jail time" if he violated the conditions of his supervised release, but did not inform him that a violation of supervised release could lead to an additional five years of imprisonment. The superseding indictment and the plea agreement also erroneously understated the

term of imprisonment, the supervised release term, and the effect of a violation of his supervised release.

Lawson's presentence report correctly noted that the offense was a Class A felony, and that Lawson was subject to from three to five years of supervised release. Lawson protested at his sentencing hearing that, based upon the superseding indictment, he had believed he was pleading guilty to a Class C rather than a Class A felony. The court responded, erroneously, that Lawson had been advised during the change-of-plea hearing as to the maximum penalty.

We agree that the district court erred in advising Lawson only that the penalty for his offense was not less than 15 years of imprisonment; however, because the actual sentence imposed was 180 months (15 years), we conclude the error was harmless. See Fed. R. Crim. P. 11(h); United States v. Raineri, 42 F.3d 36, 41 (1st Cir. 1994) (finding harmless error where the district court told defendant the maximum sentence was less than the law actually allowed, but the sentence imposed was no more than defendant was informed it could be), cert. denied, 115 S. Ct. 2286 (1995). Similarly, we conclude the court's admonition that Lawson would be subject to supervised release of not less than three years provides no basis for reversal, because the district court actually sentenced Lawson to only three years of supervised release.

The district court also erred in failing specifically to inform Lawson of the effect of any violation of his supervised release. The court's mention of "additional jail time" was not sufficient to put Lawson on notice at the time of the plea that he might serve five extra years in prison. See United States v. Osment, 13 F.3d 1240, 1242-43 (8th Cir. 1994) (explaining that Rule 11 requires explanation of the consequences of a violation of supervised release). In Lawson's worst case scenerio, assuming he violated his supervised release on the last day of his 3-year supervised release term and was revoked, Lawson could conceivably serve 15 years of imprisonment, 2 years and 364

days of supervised release, and an additional 3 years of imprisonment for violation of his supervised release. <u>United States v. St. John</u>, 92 F.3d 761 (8th Cir. 1996) (holding that, in this circuit, the maximum period of time a defendant's freedom can be restrained upon revocation of supervised release cannot exceed the length of the term of supervised release imposed as part of defendant's original sentence). Because this total exceeds the amount of time Lawson could reasonably have understood he was exposed to from the district court's admonitions, the superseding indictment, and the plea agreement, we cannot deem the error harmless on this direct appeal. <u>Id.</u> at 1243.

Accordingly, we reverse the judgment of the district court, vacate Lawson's conviction and sentence, and remand this matter to the district court for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-