# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3639

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    District of Minnesota.
Arnold Prado,      *
     *
        Appellant.      *

_____

Submitted: December 17, 1999
Filed: March 2, 2000

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BEAM, Circuit Judge.

Arnold Prado appeals from the sentence imposed by the district court at his resentencing, following his successful 28 U.S.C. § 2255 motion to vacate his sentence. We affirm.

A grand jury indicted Prado in five counts of a seven-count indictment with cocaine conspiracy and trafficking charges. He later pleaded guilty to a two-count information charging him with aiding and abetting travel involving the distribution of a controlled substance, in violation of 18 U.S.C. §§ 1952 and 2. Prado was sentenced to 60 months imprisonment on each count, the terms to run consecutively, and three

years supervised release. The district court[1] failed to apprise Prado of his right to appeal, and he did not appeal his sentence. Five years later, he filed a section 2255 motion to vacate his sentence, claiming that he had received ineffective assistance of counsel at sentencing because his attorney did not tell him he had a right to appeal his sentence. The district court[2] agreed, vacated the judgment, ordered resentencing, and reimposed Prado's original sentence. This appeal followed.

On appeal, Prado first argues the district court violated Federal Rule of Criminal Procedure 32(c)(3)(A) at his original sentencing by failing to ask whether he had reviewed the presentence report (PSR) and had discussed it with counsel. We conclude any violation of Rule 32 was waived and was harmless: at sentencing Prado did not seek additional time to review the PSR, and the specificity of his objections to it belies his current claim that he did not see the PSR before sentencing. We also note that Prado stipulated to the 120-month sentence he received, and he has not described what additional matters he would have raised at sentencing had he seen the PSR. See Fed. R. Crim. P. 52(a) (error that does not affect substantial rights is disregarded); United States v. Barrows, 996 F.2d 12, 14 (1st Cir.) (failure to invoke Rule 32(c)(3)(A) or request continuance waives claim that defendant was not given time to review PSR, absent miscarriage of justice), cert. denied, 510 U.S. 958 (1993).

Prado also argues that he was entitled to de novo resentencing--including preparation of a PSR and the opportunity to be heard on sentencing issues--after his initial sentence was vacated. This argument also fails. When a defendant has been unconstitutionally deprived of appellate review due to ineffective assistance of counsel, the proscribed procedure is for the district court to vacate the sentence and then reimpose it, allowing the defendant ten days to appeal from the imposition of the new

---

[1]The Honorable Edward J. Devitt, late a United States District Judge for the District of Minnesota.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

sentence. See United States v. Beers, 76 F.3d 204, 205 (8th Cir. 1996) (per curiam). The district court also did not abuse its discretion in denying Prado's motion to withdraw his guilty plea--which he filed before resentencing--given that the initial sentence had been vacated only for purposes of reinstating Prado's right to a direct criminal appeal. In any event, none of the reasons Prado offered in support of his motion to withdraw constituted a "fair and just reason" to do so. See Fed. R. Crim. P. 32(e); United States v. Yell, 18 F.3d 581, 582 (8th Cir. 1994) (standard of review).

Prado next argues that the district court erred by allowing the prosecutor to conduct much of the Federal Rule of Criminal Procedure 11 colloquy at Prado's guilty plea hearing. We reject this argument because the district court judge independently asked Prado about the factual basis for his plea, to describe the plea agreement in his own words, and whether he understood the proceedings and the maximum term of imprisonment. Cf. United States v. Lambros, 544 F.2d 962, 965-66 (8th Cir. 1976) (court substantially complied with Rule 11 when defendant conceded that prosecutor sought appropriate information; defendant could point to no way in which proceedings misled or prejudiced him; and court, by personal direct inquiry, made sure defendant's responses were truthful, defendant clearly understood his rights and consequences of plea, and defendant was guilty of offenses charged), cert. denied, 430 U.S. 930 (1977). Prado also argues that he did not knowingly and voluntarily waive his right to prosecution by indictment. The record shows, however, that a signed telefaxed copy of the waiver of indictment was presented at the change-of-plea hearing, and that Prado also signed an original of the waiver in open court at sentencing, acknowledging that counsel had advised him of his constitutional right to proceed by indictment. See Fed. R. Crim. P. 7(b) (offense punishable by prison for more than one year may be prosecuted by information if defendant, after being advised of his rights and nature of charge, waives prosecution by indictment in open court); Fed. R. Crim P. 52(a).

Prado also contends that the district court violated Rule 11 by failing to disclose the full plea agreement at his change-of-plea hearing, failing to inform him the

government could invalidate the plea agreement if he received less than a ten-year sentence, and failing to inform him that the court was required to consider the Guidelines. Prado has not shown, however, that he would not have pleaded guilty but for those omissions, and he specifically acknowledged the government's right to withdraw from the plea agreement if he received less than 120 months imprisonment. See Fed. R. Crim. P. 11(h); United States v. McCarthy, 97 F.3d 1562, 1575 (8th Cir. 1996) (error is harmless if defendant's knowledge and understanding of correct information would not affect willingness to plead guilty), cert. denied, 519 U.S. 1139 and 520 U.S. 1133 (1997).

Finally, Prado argues the district court erred in accepting his plea when the court did not advise him of the effect of his supervised release. Prado relies heavily on United States v. Osment, 13 F.3d 1240 (8th Cir. 1994), in which we held that, under Rule 11, a district court must inform a defendant of both the applicability of a term of supervised release and the effect of the term, including the consequences upon revocation. See id. at 1242-43. In Osment, we found that the district court's failure to inform the defendant that he could be subject to a term of supervised release violated his substantial rights in the circumstances of that case, thereby entitling him to plead anew. See id. at 1243. However, unlike the defendant in Osment, who was not told he faced supervised release at all, Prado was informed at his Rule 11 hearing that he faced up to five years supervised release.

Although the district court did not explain the effect of violating his supervised release, we think that this omission was harmless error. The record shows that Prado's decision to plead guilty was prompted by last-minute evidence obtained by the government. We conclude that, given Prado's knowledge that he faced five years supervised release, and the government's evidence that negated his defense, being told of the precise effect of violating supervised release would not have changed Prado's mind about pleading guilty. See Fed. R. Crim. P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be

-4-

disregarded."); <u>United States v. Young</u>, 927 F.2d 1060, 1062 (8th Cir. 1991) (where defendant actually knew statutory maximum and minimum sentences to which he was subject, Rule 11 violation was harmless error), <u>cert. denied</u>, 502 U.S. 943 (1991); <u>see also</u> <u>McCarthy</u>, 97 F.3d at 1575-76 (failure to give Fed. R. Crim. P. 11(e)(2) warning was harmless error because record indicated appellant would have pleaded guilty even if court had given him proper warning, which "would have added precious little to the knowledge he already possessed about the plea process"; court reviewed record, including plea agreement, defendant's education and background, and his failure to move to withdraw guilty plea, in determining whether Rule 11 violation was harmless).

Accordingly, we affirm the judgment of the district court. We also deny Prado's motion for oral argument.

LOKEN, Circuit Judge, concurring.

I join the opinion of the court. In addition, on the issue that draws a dissent from Judge Arnold -- Prado's contention that he is entitled to replead because the district court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to advise him of the possible effects of supervised release -- I conclude there is an additional reason to affirm.

This is not a direct appeal. It is a § 2255 proceeding, commenced five years after sentencing, in which relief in the nature of a direct appeal was granted because trial counsel neglected to advise Prado of his right to appeal. In <u>United States v. Timmreck</u>, 441 U.S. 780, 784 (1979), a unanimous Court held that a collateral attack under § 2255 may not be predicated on a violation of Rule 11 unless the violation "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." As the court's harmless error discussion demonstrates, there was no miscarriage of justice or fundamentally unfair procedure when Prado pleaded guilty and was subsequently sentenced. "[T]he concern with

finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." Timmreck, 441 U.S. at 784.  Therefore, Prado is not entitled to relief from his guilty plea under United States v. Osment, 13 F.3d 1240 (8th Cir. 1994), a case decided some three years after he knowingly and voluntarily entered that plea.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

Because I would reverse the district court's judgment and remand for further proceedings on the basis of *United States v. Osment*, 13 F.3d, 1240, 1242-43 (8th Cir. 1994), I respectfully dissent from the court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.