# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3468

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Juan Francisco Otero-Figueroa, also | * | District of Nebraska. |
| known as Chuco, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 2, 2003
Filed: April 3, 2003

_____

Before LOKEN, Chief Judge, BOWMAN and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Juan Francisco Otero-Figueroa pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, a violation of 21 U.S.C. § 846 (2000). The District Court[1] sentenced him to 210 months imprisonment and 5 years supervised release. Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S.

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

738 (1967), arguing the District Court did not personally advise Otero-Figueroa of the nature of the charge and the minimum and maximum penalties that could be imposed upon conviction, as required by Federal Rule of Criminal Procedure 11, but instead delegated that portion of the colloquy to the prosecutor.

Otero-Figueroa did not object to this deviation from Rule 11, and there is no indication that his substantial rights were affected. See United States v. Vonn, 535 U.S. 55, —, 122 S. Ct. 1043, 1046 (2002) (defendant who allows Rule 11 error to pass without objection in trial court must satisfy plain-error rule, i.e., that claimed plain error affected defendant's substantial rights). As relevant, the indictment and the plea agreement set forth the charge, and the plea agreement and guilty-plea petition set forth the possible penalties; at the guilty-plea hearing, the prosecutor recited the charge and possible penalties and described the plea agreement, and Otero-Figueroa affirmed he understood them; the prosecutor set forth the factual basis for the plea and Otero-Figueroa stated in his own words why he was guilty; and the District Court sentenced Otero-Figueroa in accordance with the statutory penalties and applicable Sentencing Guidelines. See United States v. Prado, 204 F.3d 843, 845-46 (8th Cir.), cert. denied, 531 U.S. 1042 (2000).

Having conducted an independent review under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.