# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2350

_____

United States of America,    *
                             *
           Appellee,         *
                             *
      v.                     *    Appeal from the United States
                             *    District Court for the
Agapito Gonzalez-Ramos, also known  *    Southern District of Iowa.
as Andres Gonzalez-Ramos,    *
                             *    [UNPUBLISHED]
           Appellant.        *

_____

Submitted: January 29, 2004

Filed: February 9, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Agapito Gonzalez-Ramos pleaded guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced Gonzalez-Ramos to 57 months in prison and 2 years supervised release. On appeal, Gonzalez-Ramos's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

plainly erred when the court failed to inform Gonzalez-Ramos at the plea hearing of its obligation to apply the Sentencing Guidelines.

We review for plain error unobjected-to omissions under Federal Rule of Criminal Procedure 11. See United States v. Vonn, 535 U.S. 55, 58-59 (2002). To comply with Rule 11, a district court must advise defendants as to various aspects of the law, including the court's obligation to apply the Guidelines and the court's discretion to depart from those Guidelines under some circumstances. See Fed. R. Crim. P. 11(b)(1)(M). Although the district court told Gonzalez-Ramos only indirectly of its obligation to apply the Guidelines--the court inquired whether Gonzalez-Ramos and his attorney had discussed how the Guidelines might apply--we do not believe that any resulting Rule 11 error affected Gonzalez-Ramos's substantial rights. The record shows that Gonzalez-Ramos and his counsel had discussed the Guidelines before the plea hearing, and even if Gonzalez-Ramos did not possess more specific information about the Guidelines at the time of the plea hearing, this information was made available to him in the presentence report, and at sentencing he reaffirmed his guilty plea. See United States v. Olano, 507 U.S. 725, 734-35 (1993) (defendant bears burden of showing plain error affected his substantial rights); United States v. Prado, 204 F.3d 843, 846 (8th Cir.) (analyzing Rule 11 error in terms of whether defendant otherwise would have pleaded guilty), cert. denied, 531 U.S. 1042 (2000).

We have also carefully reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____