**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-4411**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAWSON WILLIAM MONGOLD,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Irene M. Keeley, Chief District Judge.  (3:04-cr-00009-WCB)

—————————

Submitted:  November 21, 2007        Decided:  December 11, 2007

—————————

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Arthur H. Baker, III, LAW OFFICE OF ARTHUR H. BAKER, III, Pittsburgh, Pennsylvania, for Appellant.  Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dawson William Mongold pled guilty pursuant to a plea agreement to three counts of distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2007). As part of his plea, he stipulated he was responsible for at least 500 grams of cocaine base or crack cocaine. Mongold's guidelines range of imprisonment was based upon his stipulation and his acceptance of responsibility. He was sentenced to 188 months' imprisonment or the low end of the then mandatory sentencing guidelines. Mongold's counsel did not file an appeal. Subsequently, Mongold filed a motion under 28 U.S.C. § 2255 (2000), claiming counsel was ineffective for not filing a notice of appeal. The district court agreed with Mongold and granted his motion. The court held a resentencing for the purpose of reentering the judgment so Mongold can file a timely notice of appeal. At the hearing, the court ordered the same sentence and declined to consider Mongold's other challenges to his original sentence or to consider sentencing Mongold under the rules announced in United States v. Booker, 543 U.S. 220 (2005). On appeal, Mongold claims the court erred by not having a de novo sentencing proceeding. Mongold further claims the court erred by not sentencing him pursuant to the rules announced in Booker. Finding no error, we affirm.

The form of relief awarded by the district court in a successful § 2255 proceeding is reviewed for abuse of discretion.

- 2 -

United States v. Hadden, 475 F.3d 652, 667 (4th Cir. 2007). District courts are given a "broad and flexible power . . . to fashion an appropriate remedy." United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997) (internal quotation marks omitted). When a movant in a § 2255 proceeding is successful in his claim that he received ineffective assistance of counsel because counsel did not file a requested notice of appeal, "the 'standard practice among federal courts' in this situation: vacatur of the sentence and summary imposition of a new sentencing judgment identical in all respects to the earlier one except for the date of entry." United States v. Torres-Otero, 232 F.3d 24, 29 (1st Cir. 2000) (quoting Pratt v. United States, 129 F.3d 54, 62 (1st Cir. 1997)). See also United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007) (the "usual course in cases of this nature:  vacate and remand for re-entry of the initial sentence so that there can be a timely appeal."); United States v. Snitz, 342 F.3d 1154, 1159 (10th Cir. 2003) (directing "district court to vacate and reenter its judgment of conviction and sentence to allow defendant to file a timely appeal"); United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) ("When leave to file an out-of-time appeal is granted, the district court should reinstate the criminal judgment to trigger the running of a new Rule 4(b) appeal period.") (emphasis in original);  United States v. Prado, 204 F.3d 843, 845 (8th Cir. 2000).  A defendant is not entitled to de novo resentencing when

the "defendant has been unconstitutionally deprived of appellate review due to ineffective assistance of counsel." Prado, 204 F.3d at 845. see also United States v. Phillips, 225 F.3d 1198, 1200-01 (11th Cir. 2000) (setting forth procedure for reimposing judgment when right to appeal has been denied); cf. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (in § 2255 appeal where criminal defense attorney failed to file a notice of appeal though requested to do so, court vacated and instructed district court "to vacate Peak's judgment of conviction and enter a new judgment from which an appeal can be taken.").

We find the district court did not abuse its discretion by re-entering the judgment with the purpose of allowing Mongold to file a timely notice of appeal without considering Mongold's other attacks on his sentence.

We further find Mongold's sentence does not violate the rules announced in Booker. In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). This court has identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the sentencing guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005). A Sixth Amendment error occurs when

the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. While the mandatory application of the guidelines constitutes plain error, United States v. White, 405 F.3d 208, 217 (4th Cir. 2005), a defendant who seeks re-sentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

For purposes of determining Booker error, this court considers the guideline range based on the facts the defendant admitted before any adjustment for acceptance of responsibility. United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Mongold's guidelines range of imprisonment was determined solely on his agreement that he was responsible for at least 500 grams of cocaine. Mongold's unenhanced offense level, without consideration for acceptance of responsibility, was thirty-six. With criminal history category IV, the guideline range would have been 262 to 327 months' imprisonment. Mongold's sentence was lower than that range as a result of him receiving credit for acceptance of responsibility. Thus, Mongold cannot show error. Moreover, nothing in the current record on appeal suggests the district court would have given him a lower sentence if the guidelines were not

mandatory.  Therefore, Mongold has not established error that warrants re-sentencing under <u>White</u>, 405 F.3d at 223.

Accordingly, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>