# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2336

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Celio Ramos Guizar, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 21, 2010
Filed: December 28, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Celio Guizar challenges the 120-month statutory minimum prison term that the district court[1] imposed following his guilty plea to possessing with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and unlawful entry after deportation in violation of 8 U.S.C. § 1326(a). Counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he argues that the sentence was unreasonable because it was greater than necessary to promote the goals of 18 U.S.C. § 3553(a).

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

We reject counsel's argument, because the district court did not have discretion to sentence Guizar below the statutory minimum of 120 months in prison, see 21 U.S.C. § 841(b)(1)(B); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003); see also United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006). It appears from a pro se filing by Guizar that he wishes to raise a claim of ineffective assistance of counsel, but the proper vehicle for such claims is in a proceeding under 28 U.S.C. § 2255. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998). He also appears to complain that he did not have an opportunity to review the presentence report with counsel prior to sentencing, but he did not seek more time to do so at the sentencing hearing, and he has not described how he suffered resulting prejudice. See Fed. R. Crim. P. 52(a) (error that does not affect substantial rights must be disregarded); United States v. Prado, 204 F.3d 843, 845 (8th Cir. 2000).

Finally, having reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues, and we therefore allow counsel to withdraw subject to counsel informing Guizar about procedures for seeking rehearing or filing a petition for certiorari. Accordingly, we affirm the judgment of the district court.

_____