**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4482**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

GARY DEAN BALDWIN,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:09-cr-00043-JPJ-3)

———————

Submitted:  January 10, 2013      Decided:  January 25, 2013

———————

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Eric C. Bohnet, ERIC C. BOHNET, ATTORNEY AT LAW, Indianapolis, Indiana, for Appellant.  Jean Barrett Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Dean Baldwin pled guilty without a plea agreement to conspiracy to distribute and to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846 (2006), and was sentenced to eighty-seven months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court plainly erred by entering an amended judgment without allowing Baldwin to challenge drug quantity or to present evidence of trial counsel's alleged nondisclosure of a plea agreement. Baldwin filed pro se supplemental briefs, in which he raises several challenges to his conviction and sentence. Finding no error, we affirm.

Turning first to the issues presented in counsel's Anders brief, we note that the sole issue before the district court during the evidentiary hearing on Baldwin's 28 U.S.C.A. § 2255 (West Supp. 2012) motion was whether counsel rendered ineffective assistance by failing to consult with Baldwin about whether he wished to appeal. Accordingly, the district court did not err by entering an amended judgment based on the undisputed drug quantity and without providing Baldwin an opportunity to present evidence regarding nondisclosure of an alleged plea agreement. See United States v. Prado, 204 F.3d

2

843, 845 (8th Cir. 2000) (rejecting argument that defendant "was entitled to de novo resentencing" after court vacated and reentered judgment to provide opportunity to appeal). Moreover, issues regarding objections to the drug quantity attributable to Baldwin and an allegedly undisclosed plea agreement are better characterized as ineffective assistance of counsel claims at this juncture and, because neither party has had an opportunity to fully develop the record, those claims would be better addressed in a § 2255 motion following the completion of Baldwin's direct appeal. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010); United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (providing standard for ineffective assistance claims raised on direct appeal). Accordingly, we decline to consider these issues here.

We turn next to the issues raised in Baldwin's pro se supplemental briefs. Baldwin argues that he did not knowingly and voluntarily enter his plea because he was not aware that he would be sentenced to more than thirty-six months' imprisonment and because he was induced to enter his plea by trial counsel's promise to appeal. Our review of the transcript of the Fed. R. Crim. P. 11 proceeding discloses that Baldwin entered his plea knowingly and voluntarily. During Baldwin's plea colloquy, he indicated that he understood the maximum penalty for the offense was twenty years' imprisonment and affirmatively stated that no

one had made him any promises to induce him to enter his plea. Baldwin has failed to present compelling evidence to rebut "the truth of [these] sworn statements made during [his] Rule 11 colloquy." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Apart from counsel's failure to object to the drug quantity attributed to him, Baldwin argues that the court did not correctly calculate the drug quantity. Because Baldwin failed to object to the district court's calculation of drug quantity at sentencing, his claim is reviewed for plain error. United States v. Blatstein, 482 F.3d 725, 731 (4th Cir. 2007). The district court may "accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). Moreover, even if a defendant objects to a finding in the presentence report, in the absence "of an affirmative showing the information is inaccurate, the court is free to adopt the findings of the presentence report without more specific inquiry or explanation." United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (internal quotation marks and brackets omitted). Here, there were no objections to the drug quantities attributed to Baldwin, much less any affirmative showing that the information in the presentence report was not accurate. We therefore conclude that the district court did not err, plainly or otherwise, by relying on the undisputed facts in

the presentence report to determine the drug quantity attributed to Baldwin.

Baldwin next argues that his sentence is substantively unreasonable. This court reviews the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing a sentence for substantive reasonableness, this court "examines the totality of the circumstances," and, if the sentence is within the properly-calculated Guidelines range, applies a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Here, contrary to Baldwin's assertion, it is clear that the court considered Baldwin's addiction to oxycodone by ordering as a special condition of release that he attend substance abuse counseling. Accordingly, we conclude that Baldwin has provided no evidence to rebut the presumption that his within-Guidelines sentence is substantively reasonable.

Finally, Baldwin argues that appellate counsel rendered ineffective assistance by failing to file a merits brief. Such claims are not generally cognizable on direct appeal. Benton, 523 F.3d at 435. Because the record does not establish that appellate counsel was ineffective, we will not review Baldwin's claim at this juncture. See Baptiste, 596 F.3d at 216 n.1; see also Jones v. Barnes, 463 U.S. 745, 754 (1983) (holding that appellate counsel need not raise on appeal every non-frivolous issue suggested by defendant).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Baldwin, in writing, of the right to petition the Supreme Court of the United States for further review. If Baldwin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baldwin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED